IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KRISTINE K. YATES,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MARION COUNTY PLANNING DEPARTMENT; DICK ANDERSON CONSTRUCTION COMPANY; SILVERTON SOLAR, LLC; SILVERTON LAND CO., LLC; TLS CAPITAL INC.; CYPRESS CREEK RENEWABLES DEVELOPMENT, LLC; CYPRESS CREEK RENEWABLES, LLC; PINE GATE ENERGY CAPITAL, LLC; PINE GATE RENEWABLES LLC; GORDON MOE; JUDY DUNN; NIKKI ANAS; ZOE GAMBLE HANES; JEROME O'BRIEN; BLUE OAK ENERGY; SAM LINES; PATRICK LEIBACK; DOES 1–20; and CYPRESS CREEK HOLDINGS, LLC,<br><br>    Defendants. | Case No. 6:17-cv-01819-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

    Plaintiff Kristine Yates alleges that defendants, various governmental and private actors, violated her rights under federal and state law in connection with the construction of a solar array

Page 1 – OPINION AND ORDER

on a parcel adjacent to her property in Silverton, Oregon. Because plaintiff is proceeding *in forma pauperis* ("IFP"), I have examined her First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, plaintiff's equal protection, fraud, and conspiracy claims are dismissed with prejudice. All claims against defendant United States Environmental Protection Agency ("the EPA") are also dismissed with prejudice. Plaintiff's remaining claims may proceed.

## BACKGROUND

Plaintiff owns and resides at 1614 Pine Street in Silverton, Oregon, a location she chose because she enjoys "the views and quiet living of the country." First Am. Compl. ¶ 23. This dispute centers on the construction of a solar energy farm on a parcel bordering plaintiff's property ("the Parcel"). Plaintiff alleges that the Parcel is zoned for Exclusive Farm Use. In late 2015, defendant Silverton Land Co., LLC, applied for a conditional use permit to allow the construction of a "photovoltaic solar power generating system" on the Parcel. *Id.* ¶ 66.

Plaintiff alleges that she did not receive notice before the construction began on the solar array. She further alleges that the construction of the solar farm has damaged her in the following ways: a new drainage ditch now causes water to run downhill onto her land, flooding her property; increased and "constant" vehicular traffic now runs past her property, *id.* ¶ 92; the "use of 'steam roller' equipment to compact the addition of 'fill' dirt" has caused vibrations so severe that her windows rattle and her house shakes, *id.* ¶ 93; her views are obstructed by unsightly portable toilets, which the private defendants have placed right at the edge of her property line; and construction debris—including solar panels, "moldings, wood disks for wire, junk, and large stacks of wooden pallets"—is constantly scattered in the area around plaintiff's property, *id.* ¶ 117. Plaintiff asserts that her real property has lost value due to the construction

of the solar array and that she has suffered "anguish" and "discomfort." *Id.* ¶ 120. She seeks damages and injunctive relief.

Plaintiff initially filed this action in November 2017. She asserted nine claims for relief. In January 2018, I held that plaintiff had stated a claim for violation of her right to procedural due process and for negligence *per se* related to the alleged lack of notice regarding the conditional use permit. I also dismissed several claims and defendants with prejudice. Finally, I offered plaintiff the option to amend her complaint with respect to her equal protection, common law fraud, civil RICO, negligence, gross negligence, and civil conspiracy claims.

Plaintiff has now filed the First Amended Complaint. She did not amend her RICO, negligence, or gross negligence claims. She did, however, replead her equal protection, common law fraud, and civil conspiracy claims. She also asserts new claims for trespass and nuisance.

## LEGAL STANDARD

Because plaintiff is proceeding *in forma pauperis*, I am required to dismiss this action if I determine that it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is *pro se*, so her pleading should not be dismissed for a failure to comply with formal pleading requirements. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (noting that courts have "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements[,]" and that "pro se pleadings are liberally construed, particularly where civil rights claims are involved."). In federal court, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To meet this standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Plaintiff's First Amended Complaint contains sufficient facts to proceed beyond the IFP screening stage with respect to her claims for procedural due process, negligence *per se*, trespass, and nuisance. Plaintiff's remaining claims—for violation of the Equal Protection Clause, fraud, and civil conspiracy—are dismissed. Because plaintiff has been afforded one opportunity to amend those claims and because I conclude that further amendment would be futile, those claims are dismissed with prejudice. In addition, plaintiff has failed to state a claim against defendant the Environmental Protection Agency, which is dismissed from this action with prejudice.

I. *Plaintiff's Claims for Procedural Due Process, Negligence* Per Se, *Trespass, and Nuisance May Proceed.*

The following claims contain sufficient factual allegations to proceed past the IFP screening stage.

    A. *Procedural Due Process Under the Fifth and Fourteenth Amendments*

Plaintiff's second claim[1] concerns the due process clauses of both the Fifth and Fourteenth Amendments. As I explained in my prior opinion and order, although Oregon law gives neighboring landowners a statutory right to notice in connection with land use decisions, Or. Rev. Stat. §§ 215.416(11)(c)(A) & (c)(A)(c)(iii)., it is unclear whether that right amounts to a constitutionally protected property interest. Because Oregon law is unsettled on that point, I will not dismiss plaintiff's procedural due process claim at the IFP screening stage. Plaintiff's due

---

[1] For clarity's sake, I have not addressed plaintiff's claims in the order in which she raised them. Instead, I discuss the claims in two groups: (1) claims that may proceed and (2) claims that are dismissed with prejudice. To assist plaintiff in understanding this opinion and order, I also specify the number plaintiff assigned to each claim in her First Amended Complaint.

Page 4 – OPINION AND ORDER

process claim may proceed, however, only against the Marion County Planning Department. A procedural due process claim is viable only against governmental entities. Plaintiff alleges that the EPA failed to notify her of the conditional use permit application, but the EPA is not involved in local zoning decisions and has no duty to inform landowners about those decisions. Plaintiff also alleges that the EPA promised to forward her complaint about the solar array to the Oregon Department of Environmental Quality ("Oregon DEQ") but failed to do so. If the EPA broke a promise to plaintiff, that is unfortunate, but it is not under these circumstances a violation of procedural due process under the United States Constitution. Plaintiff's procedural due process claim, if viable at all, is viable against Marion County only.

B. *Negligence* Per Se

Plaintiff's fourth claim is one for negligence *per se*. As I explained in my prior opinion and order, this claim may proceed past the IFP screening stage because plaintiff has alleged that the Marion County Planning Department violated a state statute by failing to notify her of the conditional use permit application. This claim, too, is viable only against the Marion County Planning Department, because the County is the only defendant in this case that had a statutory duty to plaintiff under Or. Rev. Stat. § 215.416.

Plaintiff makes a number of other allegations under the negligence *per se* heading, including allegations related to the drainage ditch, increased traffic, and vibrations from the steam roller. She has not connected any of those allegations to violations of a statute or regulation, as required for negligence *per se*. *See Buoy v. Soo Hee Kim*, 221 P.3d 771, 779 (Or. Ct. App. 2009). Moreover, most of those allegations fit under the umbrella of her trespass or nuisance claims, as explained in more detail below. Her claim for negligence *per se* is therefore

Page 5 – OPINION AND ORDER

limited to the allegation that the Marion County Planning Department failed to fulfill its statutory duty to notify her of a pending land use decision.

C. *Trespass and Nuisance*

Plaintiff's sixth and seventh claims are for trespass and nuisance, respectively. These claims are new; they were not asserted in plaintiff's initial complaint.

> Trespass and private nuisance are separate fields of tort liability relating to actionable interference with the possession of land. They may be distinguished by comparing the interest invaded; an actionable invasion of a possessor's interest in the exclusive possession of land is a trespass; an actionable invasion of a possessor's interest in the use and enjoyment of his land is a nuisance.
>
> The same conduct on the part of a defendant may and often does result in the actionable invasion of both of these interests.

*Martin v. Reynolds Metals Co.*, 342 P.2d 790, 792 (Or. 1959).

The First Amended Complaint contains several allegations that state a claim for trespass, nuisance, or both: that a drainage ditch constructed by defendants is causing water to run onto plaintiff's land, flooding her property; that vibrations from compaction of fill dirt are causing her house to shake and windows to rattle; that port-a-potties placed right on the edge of her land interfere with her views; that defendants have left construction debris scattered along the edges of her property; that various portions of the solar array violate the setback rules requiring new construction to be a certain distance from plaintiff's property line; and that defendants' actions have induced a constant stream of vehicular traffic. Plaintiff's claims for trespass and nuisance therefore may proceed beyond the IFP screening stage.

II. *Plaintiff's Equal Protection, Fraud, and Conspiracy Claims Are Dismissed with Prejudice.*

The following claims must be dismissed because they fail to state claim on which relief can be granted. Moreover, because plaintiff has already been afforded one opportunity to amend

these claims, I find that further amendment would be futile and the claims are dismissed with prejudice.

### A. *Equal Protection Clause of the Fourteenth Amendment*

Plaintiff's first claim alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. It is clear from the First Amended Complaint that plaintiff is proceeding under a "class of one" theory. She alleges that she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in the treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "A class of one plaintiff must show that the discriminatory treatment 'was intentionally directed at just [her], as opposed . . . to being an accident or random act.'" *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (quoting *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001). Thus, to bring a "class of one" claim, a plaintiff must show that other, similarly situated individuals were treated better or differently than the plaintiff. *See Willowbrook*, 528 U.S 564. "Class of one" claims are difficult to establish; they fail if "there is any reasonably conceivable state of facts that could provide a rational basis for the challenged [government action]." *Merrifield v. Lockyer*, 547 F.3d 978, 989 (9th Cir. 2008) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)) (internal quotation marks omitted).

Although plaintiff has alleged that she was singled out when Marion County failed to give her notice of the conditional use permit application, her class-of-one claim nonetheless fails. Plaintiff alleges that Marion County intentionally discriminated against her when it failed to notify her of the conditional use permit application, but she does not support that allegation with any additional facts that suggest the deprivation of notice was intentional. Plaintiff's bare allegation that Marion County intended to deprive her of notice and an opportunity to be heard

Page 7 – OPINION AND ORDER

on the land use matter is a "naked assertion" devoid of "further factual enhancement," and it is insufficient to state a claim for violation of the Equal Protection Clause. *Iqbal*, 556 U.S. at 678. Plaintiff's Equal Protection Claim is therefore dismissed with prejudice.

B.   *Fraud*

Plaintiff's fourth claim is one of common law fraud. To state a claim for common law fraud in Oregon, a plaintiff must show that

> [1] the defendant made a material misrepresentation that was false; [2] the defendant did so knowing that the representation was false; [3] the defendant intended the plaintiff to rely on the misrepresentation; [4] the plaintiff justifiably relied on the misrepresentation; and [5] the plaintiff was damaged as a result of that reliance.

*Strawn v. Farmers Ins. Co. of Or.*, 258 P.3d 1199, 1209 (Or. 2011). In addition, the Federal Rules of Civil Procedure impose heightened pleading requirements for charges of fraud in federal court. Allegations of fraud must be pleaded "with particularity[.]" Fed. R. Civ. P. 9(b). That means a complaint must, at minimum, "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).

Plaintiff's fraud claim must be dismissed with prejudice for three reasons. First, she has failed to identify with particularity any specific false representation made by any of the defendants. Plaintiff attaches the adverb "fraudulently" to a list of actions defendants allegedly took between December 2006 and August 2017 to organize various limited liability corporations and obtain authorization to construct the solar array. But she has not specifically pointed to any statement of material fact that was false. Second, she has not alleged that she was harmed by reliance on any misrepresentation. Indeed, with respect to filings through June 2017, plaintiff cannot possibly have been harmed by relying on any of defendants' allegedly fraudulent business and land use filings because she asserts she was unaware of any plans to construct the solar array

Page 8 – OPINION AND ORDER

until she observed construction workers breaking ground on the project on July 1, 2017. Plaintiff alleges only one "fraudulent" act after that—an August, 2017, recording of a "declaratory statement" for Silverton Land Co., LLC to establish a "dwelling" on the Parcel. First Am. Compl. ¶ 76. Plaintiff does not explain how she was harmed by relying on that filing or explain the connection between the use of a "fictitious" name for the company and the construction of the solar array. Finally, the First Amended Complaint falls far short of the demanding standard for pleading fraud with particularity under Rule 9(b). Accordingly, plaintiff's fraud claim is dismissed with prejudice.

C.  *Conspiracy*

Plaintiff's fifth claim is for civil conspiracy under the Oregon common law. In Oregon, a civil conspiracy is established by showing "(1) Two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Osborne v. Fadden*, 201 P.3d 278, 282 (Or. Ct. App. 2009) (alterations normalized). Because the unlawful overt acts plaintiff alleges are acts of fraud, such as such as fabrication of financial documents and concealment of corporate identity, they must be pleaded with particularity under Rule 9(b).

Plaintiff has adequately alleged that various individual defendants had a meeting of the minds with respect to obtaining authorization to construct the solar energy farm on the Parcel. She also has adequately alleged damages flowing from that construction project. But plaintiff's allegations nevertheless fail to state a claim for conspiracy. Plaintiff describes the allegedly unlawful overt acts only in vague terms; as explained in Section II.B., *supra*, she attaches the adverb "fraudulently" to a list of land transfer, corporate structure, and permitting actions, but

she does not explain what made those actions fraudulent or how the purported fraudulent acts furthered the conspiracy. Plaintiff's conspiracy claim is dismissed with prejudice.

III. *All Claims Against the EPA are Dismissed with Prejudice.*

Finally, I turn to plaintiff's claims against the EPA. The only allegations in the First Amended Complaint specifically related to the EPA are (1) that the EPA failed to notify plaintiff about the construction of the solar array and (2) that plaintiff complained to the EPA about the construction of the solar array, the EPA told plaintiff it would pass on the complaint to the Oregon DEQ, and the Oregon DEQ never heard from the EPA about the matter. Those allegations are insufficient to state a due process or negligence *per se* claim against the EPA because the EPA owes plaintiff neither a statutory nor a common law duty to notify her about land use decisions or pass complaints along to the Oregon DEQ. Moreover, the allegations cannot support a claim for trespass or nuisance against the EPA because there is an insufficient causal relationship between the EPA's inaction and the alleged incursions on plaintiff's property. After review of the original complaint and First Amended Complaint, it appears these deficiencies would not be cured by amendment. All claims against the EPA are therefore dismissed with prejudice.

## CONCLUSION

Several of plaintiff's causes of action fail to state a claim. Plaintiff has already amended her complaint once as to each of those claims, but those amendments did not cure the deficiencies. At this point, I conclude that further amendment would be futile. Plaintiff's equal protection, fraud, and conspiracy claims are therefore dismissed with prejudice. All claims against the EPA are also dismissed with prejudice. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d

1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the [claim] could not be saved by amendment.").

This action may proceed with respect to plaintiff's remaining claims: procedural due process, negligence *per se*, trespass, and nuisance.

IT IS SO ORDERED.

Dated this 30th day of April, 2018.

                                   Ann Aiken
                            United States District Judge