IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KRISTINE K. YATES,

    Plaintiff,

vs.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENGY; MARION COUNTY
PLANNING DEPARTMENT; DICK
ANDERSON CONSTRUCTION COMPANY;
SILVERTON SOLAR, LLC; SILVERTON
LAND CO., LLC; TLS CAPTIAL INC;
CYPRESS CREEK RENEWABLES, LLC;
CYPRESS CREEK RENEWABLES
DEVELOPMENT, LLC; CYPRESS CREEK
HOLDINGS, LLC; PINE GATE ENERGY
CAPITAL, LLC; PINE GATE RENEWABLES,
LLC; GORDON MOE; JUDY DUNN; NIKKI
ANAS; ZOE GAMBLE HANES; JEROME
O'BRIEN; BLUE OAK ENERGY; SAM
LINES; PATRICK LEIBACK; and DOES 1-20,

    Defendants.

Case No. 6:17-CV-1819-AA
**OPINION AND ORDER**

---

AIKEN, District Judge:

    Plaintiff Kristine Yates asserts that by permitting and constructing a solar energy array on the property next to her home, defendants have violated her rights. Plaintiff avers that she did

Page 1 – OPINION AND ORDER

not receive notice prior to the construction of the array. She also alleges that, once construction began, she experienced, and continues to experience, harms including increased semi-truck traffic by her house, "severe ground vibrations" leading to windows rattling and walls shaking throughout her home, and flooding. First Am. Compl. ¶ 122. There are several motions to dismiss pending before the Court, and due to the substantial similarities between the issues raised in these motions, the Court has consolidated its consideration into a single Opinion and Order. For the reasons set forth below, defendants' TLS Capital Inc.; Patrick Leibach[1] et al.; Cypress Creek Renewables, LLC. et al.; Blue Oak Energy; and Gordon Moe and Judy Dunn's Motions to Dismiss (docs. 68, 69, 77, 79, 81) are GRANTED and defendants' Pine Gate Energy Capital, LLC, et al.'s Motion to Dismiss (doc. 82) is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The Court has previously issued two Opinions and Orders that address the factual underpinnings of this case. *See Yates v. U.S. Envtl. Prot. Agency*, No. 6:17-cv-01819-AA, 2 (D. Or. Jan. 2, 2018) (Opinion and Order granting leave to proceed IFP) (doc. 5-1); *Yates v. U.S. Envtl. Prot. Agency*, No. 6:17-cv-01819-AA, 2-3 (D. Or. April 30, 2018) (Opinion and Order) (doc. 56). The first Opinion dismissed several of plaintiff's claims and defendants, pointed out deficiencies in the original pleadings, and granted leave to amend the complaint. Opinion and Order, Jan. 2018. Plaintiff filed an amended complaint (doc. 25). The Court then issued a second Opinion dismissing more of plaintiff's claims and defendants with prejudice after concluding that further amendment would be futile. Opinion and Order, April 2018 at 10-11. Many of the remaining defendants have filed motions to dismiss for lack of personal jurisdiction

---

[1] The plaintiff in this case has named individual defendant "Leiback," but the defendant's filings, including his declaration, spell his name "Leibach." Accordingly, the Court refers to defendant as "Leibach."

and for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

When evaluating a motion to dismiss, the court reviews the complaint in the light most favorable to the plaintiff and determines if it contains sufficient facts to "'state[] a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible on its face the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). The court need not accept legal assertions as true, and while "[t]he court views the complaint liberally [it] will not supplant vague and conclusory allegations." *Committe v. Or. State Univ.*, 2016 WL 4374945, *2 (D. Or. Aug. 11, 2016).

*Pro se* litigants like this plaintiff are held to a less stringent standard than attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Courts construe their pleadings liberally and give them the benefit of the doubt. *Id.* Pro se litigants are entitled to "notice of the deficiencies in the complaint" and, if those deficiencies can be cured, an opportunity to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "while the Court must leniently construe *pro se* pleadings, Plaintiff[s] must still meet the federal pleading standards." *Hutchinson v. State*, 2017 WL 5505572, *2 (D. Or. Nov. 15, 2017). In this case, plaintiff has already amended her complaint once after the court provided notice of deficient pleadings.

## DISCUSSION

All pending motions to dismiss assert that plaintiff's claims should be dismissed for

either lack of personal jurisdiction, or failure to state a viable trespass or nuisance claim, or both. I will consider each ground in turn.

I.   *Personal Jurisdiction*

Personal jurisdiction is "the power of a court to enter judgment against a specific defendant." Jack Friedenthal, et. al., *Civil Procedure Cases and Materials* 71 (10th ed. 2009). A court may exercise personal jurisdiction over a defendant who is not present in that state only if the defendant has had sufficient contact with the forum state (where the court is located). *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Oregon's long arm statute allows a federal district court to exercise personal jurisdiction over an out-of-state defendant to the extent permitted by due process. *L&A Designs, LLC v. Xtreme ATVs, Inc.*, 860 F. Supp. 2d 1196, 1198 (D. Or. 2012) (citing *Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990)). Due process requires a court to consider whether the forum state may exercise either general or specific personal jurisdiction over each defendant. *Id.*

   A.   *General Jurisdiction*

A court may exercise general jurisdiction over an out-of-state defendant if that defendant has continuous and systematic contacts with the forum state such that it is essentially at home in the forum and it could be expected to be haled into court there, for actions unrelated to the contacts. *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014). To determine whether a nonresident defendant's contacts are sufficiently continuous and systematic, a court considers the "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets" of the contacts. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). The standard for general jurisdiction is high, and it requires that the defendant's contacts in the forum state "approximate physical presence." *Id.* at

Page 4 – OPINION AND ORDER

1169. Cypress Creek Renewables Development, LLC; Cypress Creek Holdings, LLC; Pine Gate Energy Capital, LLC; and Pine Gate Renewables Development, LLC are corporations that contest personal jurisdiction in this case. Their places of incorporation and principle places of business are outside of Oregon. Plaintiff has not alleged that these corporations have any other connections with Oregon besides the contested solar array, or that they are integrated into the state's regulatory or economic markets. Gordon Moe, Judy Dunn, Patrick Leibach, Nikki Anas, Sam Lines, Jerome O'Brien, and Zoë Gamble Hanes are individuals who contest personal jurisdiction in this case. They each have out-of-state domiciles and no history of visiting Oregon in connection with the solar array at issue. None of these corporate or individual defendants have the continuous and systematic contacts with Oregon necessary to approximate physical presence here. *Id.* Therefore, I conclude that this Court lacks general jurisdiction over these defendants.

B. *Specific Jurisdiction*

Turning next to specific jurisdiction, a court can exercise personal jurisdiction over an out-of-state defendant if that defendant has minimum contacts with the forum state such that exercising jurisdiction over them would not offend the principles of fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). The Ninth Circuit applies a three-step test to determine if a defendant has the required minimum contacts. *Id.*; *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). At the first step, the court asks if the defendant purposefully availed herself of the privilege of conducting activities in the forum state by invoking the benefits and protections of its laws. *Schwarzenegger*, 374 F.3d at 801. At the second step, the court asks if the claim arises out of, or relates to, defendant's activities in the forum state. At the third step, the court asks if it is reasonable for the court to assert personal

Page 5 – OPINION AND ORDER

jurisdiction over the defendant. *Id.* The court's exercise of personal jurisdiction is presumed to be reasonable unless the defendant makes a compelling case to the contrary. *Pebble Beach v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

1. *Organizational Defendants*

Although the organizational defendants urge the court not to consider their contacts with any other defendants, a shared contact analysis may be appropriate when subsidiary or connected corporations are involved. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1065 (9th Cir. 2015); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 420 (9th Cir. 1977). In these situations, one corporation's connections to the forum state may be sufficient to establish personal jurisdiction for related out-of-state corporations when one is merely an alter ego for the other. *Ranza*, 793 F.3d at 1071. For one corporation to be an alter ego for another, there must be a unity of interest between the corporations such that failing to consider them jointly would result in injustice. *In re Packaged Seafood Products Antitrust Litig.*, 2018 WL 4222506, *9 (S.D. Cal. Sep. 5, 2018); *Ranza*, 793 F.3d at 1073. This requires that the parent company be heavily involved in the day-to-day dealings of the subsidiary. *Ranza*, 793 F.3d at 1073.

ii. *Cypress Creek Renewables, LLC et. al.*

Cypress Creek Renewables, LLC; Cypress Creek Renewables Development, LLC; and Cypress Creek Holdings, LLC are all defendants in this case. Cypress Creek Renewables Development and Cypress Creek Holdings assert that they do not have sufficient minimum contacts with Oregon to permit specific personal jurisdiction because they are Delaware corporations with principle places of business in California. I agree that individually these companies do not have sufficient minimum contacts for this court to exercise personal jurisdiction over them.

Cypress Creek Renewables does not contest personal jurisdiction because it is registered to do business in the State of Oregon and has a registered agent here.

In this case, because the Court has personal jurisdiction over Cypress Creek Renewables, further analysis is required to determine if it is an alter ego for Cypress Creek Renewables Development and Cypress Creek Holdings such that this Court has jurisdiction over all three defendants. The companies have at least one common employee, who is also a defendant: Mr. O'Brien. They also have a common business name. And plaintiff's allegations support a finding that they have common offices as they all have the same mailing address in California. Finally, they have a common ownership scheme: Cypress Creek Holdings fully owns Cypress Creek Renewables, which owns Cypress Creek Renewables Development. Although plaintiff has alleged a strong connection between these defendants, "ownership and shared management personnel are alone insufficient to establish the requisite level of control" to satisfy the alter ego test. *Ranza*, 793 F.3d at 1073. Cypress Creek Renewables, LLC's contacts with Oregon cannot suffice for all three related corporations. Cypress Creek Renewables, LLC et al.'s Motion to Dismiss (doc. 77) is GRANTED as to Cypress Creek Renewables Development, LLC and Cypress Creek Holdings, LLC for lack of personal jurisdiction. Accordingly, Cypress Creek Renewables Development, LLC and Cypress Creek Holdings, LLC are dismissed from this action.

ii. *Pine Gate Energy Capital, LLC, and Pine Gate Renewables Development, LLC*

Pine Gate Energy Capital, LLC and Pine Gate Renewables Development, LLC both contest personal jurisdiction, asserting that they do not possess the requisite minimum contacts with Oregon. Both are incorporated and have their principle places of business in North Carolina. As for their involvement in Oregon, plaintiff alleges that Silverton Solar, LLC, an

Page 7 – OPINION AND ORDER

Oregon corporation who does not contest personal jurisdiction, filed an annual report in Oregon on behalf of Pine Gate Energy Capital. Although filing documents to support a solar array in Oregon is an intentional act aimed at the forum state, this alone is not sufficient to support personal jurisdiction. It is not foreseeable that the act of financing and conducting administrative acts for a solar array would lead to the harms complained of by plaintiff.

Further, the companies' alleged connections with Silverton Solar, LLC are not sufficient for the alter ego theory of personal jurisdiction to apply. Plaintiff alleges that Pine Gate Energy Capital, LLC and its employees are the "secretaries or managers" of defendant Silverton Solar LLC, and that Pine Gate Renewables Development is a "manager/member of Silverton Solar." First Am. Compl. ¶ 11, 72. Additionally, plaintiff alleges that Pine Gate Energy and Pine Gate Renewables Development are "newly joined entities associated with Defendant Silverton Solar, LLC." First Am. Compl. ¶ 71. This is not enough information to establish personal jurisdiction over the Pine Gate defendants vis-à-vis their relationship to Silverton Solar, LLC. Pine Gate Energy Capital, LLC et al.'s Motion to Dismiss (doc. 82) is GRANTED as to Pine Gate Energy Capital, LLC and Pine Gate Renewables Development, LLC for lack of personal jurisdiction. Accordingly, they are dismissed from this action.

2. *Individual Defendants*

The Court applies the minimum contacts analysis to individual defendants as well. In addition, when individual defendants are sued for activities arising out of their conduct as employees of a company, the court assumes that a fiduciary shield prevents them from being held individually liable for actions undertaken in an official capacity. *L&A Designs, LLC v. Xtreme ATVs, Inc.*, 860 F. Supp. 2d 1196, 1199 (D. Or. 2012). "'A person's mere association with a corporation that causes injury in the forum state' is not sufficient to establish personal

jurisdiction." *Id.* (quoting *Davis v. Metro Prod. Inc.*, 885 F.2d 515, 520 (9th Cir. 1989)). However, the fiduciary shield does not protect an employee who is a "primary participant" in the alleged wrongdoings. *Id.* For example, in *L&A Designs*, an employee who designed and maintained a website that engaged in trademark infringement was a primary participant in the wrongdoing, and she could be sued alongside her employer. *Id.* at 1201. Here, all but two of the individual defendants are being sued in connection with their corporate employers.

i. *Gordon Moe and Judy Dunn*

Plaintiff is suing Gordon Moe and Judy Dunn in their individual capacities as the prior owners of the land at issue. They transferred the parcel to Silverton Solar, LLC in the Spring of 2017. Plaintiff's only allegation regarding these defendants is that defendant Moe fraudulently applied for a permit with the state. This Court has already dismissed plaintiff's fraud claims. Plaintiff does not allege any additional facts to link defendants' prior ownership of the parcel with the nuisance and trespass claims. Accordingly, Moe and Dunn's Motion to Dismiss for lack of personal jurisdiction (doc. 81) is GRANTED and they are dismissed from this action.

ii. *Corporate Employees*

Individual defendants Patrick Leibach, Nikki Anas, Sam Lines, Jerome O'Brien, and Zoë Gamble Hanes have filed motions to dismiss for lack of personal jurisdiction. They assert that plaintiff has not alleged sufficient facts to overcome the fiduciary shield doctrine and to establish that s/he was a primary participant in their company's wrongdoings.

For several defendants, plaintiff only establishes "mere association" with the company, which is not sufficient for personal jurisdiction over the individuals. *L&A Designs*, 860 F. Supp. 2d at 1199. Plaintiff alleges that Leibach is the "owner" of Solar Land Co., LLC. First Am. Compl. ¶ 20. Similarly, plaintiff alleges that Anas is an "organizer" of Silverton Solar LLC, and

that Gamble Hanes is a "manager" for Silverton Solar, LLC, and Pine Gate Energy. First Am. Compl. ¶ 12, 13. These allegations do not provide enough information to conclude that the defendants were primary participants in the trespass and nuisance claims levied against them.

Plaintiff's allegations provide slightly more information about Lines and O'Brien. Plaintiff alleges that Lines is the owner of Silverton Solar, LLC, and that he engaged in fraudulent corporate filings. Similarly, plaintiff alleges that O'Brien is the "vice president of Cypress Creek Renewables Development, LLC and, or Silverton Solar, LLC," and that he filed fraudulent documents. First Am. Compl. ¶¶ 17, 61. O'Brien admits that he is a corporate officer and general counsel for "several" of the defendants. Doc. 72 at 2. These allegations, however, are not sufficient to overcome the fiduciary shield doctrine. None of plaintiff's factual allegations against Lines or O'Brien suggest that they were primary participants in the actions giving rise to the trespass and nuisance claims. Accordingly, they are protected by the fiduciary shield doctrine and the court lacks jurisdiction over these defendants. Thus, Patrick Leibach et al.'s Motion to Dismiss for lack of personal jurisdiction (doc. 69) is GRANTED, Pine Gate Energy Capital, LLC et al.'s Motion to Dismiss (doc. 82) is GRANTED as to Zoë Gamble Hanes for lack of personal jurisdiction, and all corporate employee defendants are dismissed from this action.

II.   *Failure to State a Claim*

TLS Capital Inc., Cypress Creek Renewables, LLC, Blue Oak Energy, and Silverton Solar, LLC have filed motions to dismiss for failure to state a trespass or nuisance claim.

Under Oregon law, trespass and nuisance claims provide two distinct avenues of liability arising from interference with the possession of another's land. *Martin v. Reynolds Metal Co.*, 342 P.2d 790, 792 (Or. 1960). "They may be distinguished by comparing the interest invaded;

an actionable invasion of a possessor's interest in the exclusive possession of land is a trespass; an actionable invasion of a possessor's interest in the use and enjoyment of his land is a nuisance." *Williams v. Invenergy, LLC*, 2014 WL 352080, *19 (D. Or. Dec. 16, 2014) (citing *Martin*, 342 P.2d at 792). Both are fact-specific inquiries that turn on the particular circumstances at issue. *Smith v. Wallowa County*, 929 P.2d 1100, 1103 (Or. Ct. App. 1996); *Williams*, 2014 WL 352080 at *19.

Here, plaintiff pursues both avenues. She alleges flooding on her property, physical shaking of her home and windows from "soil compaction" activities increased and "constant" truck traffic, placement of portable toilets that block her views, and large quantities of construction debris scattered near her property. First Am. Compl. ¶¶ 92, 93.

Plaintiff does not provide sufficient information to link TLS Capital Inc., Cypress Creek Renewables, LLC, or Blue Oak Energy with her trespass and nuisance claims. Even when viewed in the light most favorable to plaintiff, there are no plausible claims that these defendants undertook any actions to interfere with either plaintiff's exclusive possession (trespass) or use and enjoyment of her property (nuisance). Plaintiff alleges that TLS Capital Inc. assisted with the creation of Silverton Land Co. and subsequent corporate filings. Plaintiff alleges that Cypress Creek Renewables, LLC is a member of Silverton Solar, LLC, reorganized Silverton Solar, LLC, and filed fraudulent documents in Oregon. In regards to Blue Oak Energy, plaintiff alleges only that the defendant prepared the initial plans for the solar array at issue. The connection between these acts and the alleged harms is too attenuated to support plausible claims for relief. TLS Capital Inc., Cypress Creek Renewables, LLC, and Blue Oak Energy's Motions to Dismiss for failure to state a claim (doc. 68, 77, 79) are GRANTED and plaintiff's trespass and nuisance claims against these defendants are dismissed.

As to Silverton Solar, LLC, plaintiff alleges that Silverton Solar, LLC applied for a conditional use permit and other required permits to construct and maintain the solar array. Plaintiff further alleges that Silverton Solar, LLC has "management responsibility of the Solar Array installation upkeep." First Am. Compl. ¶ 66. Although plaintiff made this allegation as part of her now-dismissed fraud claim, in light of the Court's duty to construe *pro se* pleadings liberally, this factual allegation is sufficient to support a plausible claim that Silverton Solar LLC's actions have caused plaintiff's harms. Based on plaintiff's allegations, Silverton Solar, LLC has management control and responsibility over the solar array's installation. Plaintiff's trespass and nuisance claims arise directly from the installation and construction of the solar array. It is reasonable to infer that Silverton Solar, LLC's actions, either directly or indirectly as site manager, may have led to the plaintiff's harms.

In response to these allegations, Silverton Solar, LLC has filed a motion to require plaintiff to amend her claims to include more definitive statements and factual allegations linking those defendants to the alleged harms, and striking additional attorney's fees and liability claims. Fed. R. Civ. P. 12(f). A court grants Fed. R. Civ. P. 12(f) motions if the pleadings are so "vague or ambiguous that a party cannot reasonably be required to frame a response pleading." *Sheffield v. Orvis Corp.*, 211 F.R.D. 411, 414 (D. Or. 2002). A complaint that gives notice of the allegations, the party bringing the action, the dates of alleged violations, and the legal theories upon which the plaintiff relies is not subject to a 12(f) motion. *Id.* at 415. Here, where all parties have submitted responsive pleadings, I find that the complaint provides adequate notice. Although plaintiff has not alleged sufficient facts to survive many of the defendants' Fed. R. Civ. P. 12(b)(6) motions to dismiss, she has alleged adequate facts to allow the case to proceed against some defendants, including Silverton Solar, LLC. Defendant Silverton Solar, LLC's

Motions to Dismiss, Strike and Amend (doc. 82) are DENIED.

## CONCLUSION

As set forth above, defendants' TLS Capital Inc.; Patrick Leibach et al.; Cypress Creek Renewables, LLC. et al.; Blue Oak Energy; and Gordon Moe and Judy Dunn's Motions to Dismiss (docs. 68, 69, 77, 79, 81) are GRANTED. Defendants' Pine Gate Energy Capital, LLC, et al.'s Motion to Dismiss and Alternative Motion to Make More Definite and Certain and Motion to Strike (doc. 82) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated this 9th day November of 2018.

_____
Ann Aiken
United States District Judge