FILED 13 FEB '19 10:42 USDC-ORE

Kristine K. Yates, Pro Se
P.O. Box 407
Silverton, Oregon 97381

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Kristine K. Yates;                    )
                                      )
     Plaintiff,                       )   Civil Action No. 6:17-cv-1819-AA
                                      )
     v.                               )
                                      )
United States Environmental           )
                                      )
Protection Agency; Oregon             )   Affidavit of Robert Mahler in
                                      )
Department of Environmental           )   Support of Plaintiff's Response
                                      )
Quality; Marion County Planning       )   to, and Dismissal of, Defendant,
                                      )
Department; Dick Anderson             )   Dick Anderson Construction's,
                                      )
Construction Company, Silverton       )   Motion For Summary Judgment
                                      )
Solar, LLC; Silverton Land Co.        )
                                      )
LLC; TLS Capital Inc.; Cypress        )
                                      )
Creek Renewables Development,         )
                                      )
LLC; Cypress Creek Renewables,        )
                                      )
LLC; Pine Gate Energy Capital,        )
                                      )
LLC; Pine Gate Renewables, LLC;       )
                                      )
Gordon Moe; Judy Dunn; Nikki          )
                                      )
Anas; Zoe Gamble Hanes; Jerome        )
                                      )
O'Brien; Blue Oak Energy; Sam         )
                                      )
Lines; Patrick Leiback; Oregon        )
                                      )
Department of State Lands;            )
                                      )
Does 1-20;                            )
                                      )
          Defendants                  )
_____ )

**STATE OF OREGON    )**

                    **:SS**

**COUNTY OF MARION  )**

1.  I am Kris Yates' (Plaintiff's) husband in this action.
2.  Kris Yates desires to proceed with her Complaint and I know that her causes of action are justified and should be heard.
3.  I am submitting this affidavit in support of Kris Yates' opposition to the pending Dick Anderson Construction Company's Motion for Summary Judgment to demonstrate to the Court that there are genuine issues of material facts in this case that precludes the entry of a summary judgment as a matter of law.
4.  My supporting affidavit is based upon and supports Kris Yates' MEMORANDUM OF POINTS AND AUTHORITIES, testimony, her pleadings and papers on file, photos, videos, and exhibits.
5.  I know the approval of the Solar Array, behind our property was granted by Marion County based on Blue Oak Energy submitted plans.  Blue Oak's plans were the only plans on file when I requested, and was given copies of, Marion County Planning Department's permit to allow Silverton Solar LLC and Cypress Creek renewables to build the Solar Array on the property behind our home.  I know there have been other professed "owners" of the solar array and real property on which it is situated, since the permit was issued.
6.  I have photo evidence of the solar array construction process starting on, or about, 4/18/16 for the Solar Array built behind our home.
7.  I know the contract between Cypress Creek Renewables, CCEPC, and DAC states that DAC is responsible for all work performed on the solar array by subcontractor, any of subcontractor's personnel,

or lower tier subcontractors.  I believe that Cypress Creek
Renewables, CCEPC, and DAC are responsible for all construction
of the Solar Array behind our home.

8.    I have evidence, included with Kris Yates' declaration and
exhibits, and believe, that initial construction preparation
began on 4/18/16, for the solar array behind our home, and
lasted at least until 6/1/18, in some form or another.

9.    I possess video and photo evidence, also submitted to
Defendant's Council, and to this court via my wife's declaration
and exhibits, detailing DAC's, and, or second tier
subcontractors having placed portable toilets, mobile offices,
and large truck towed travel trailers behind our home.

10.   I have photo and video evidence, included in my wife's
declaration and exhibits, that DAC and or their subcontractors
through 6/1/18, left materials and debris on the solar array
property directly behind our home.

11.   I have photo and video evidence, included in my wife's
declaration and exhibits of DAC and, or their
subcontractors continuously leaving construction materials and
debris behind our home during the building by DAC and, or their
subcontractors of the solar array.

12.   I know DAC admits using "compaction equipment" behind our home to
compact the earth over several days and across the 12+/- acres in
preparation for driving heavy steel posts into the ground.   DAC
compacted the earth and used equipment within a zone behind
our home restricted by Marion County Planning Department.
DAC used fill and piled the dirt behind our home, compacted
the fill dirt, and dug a drainage ditch directly behind our

property within the forbidden zone set by Marion County Planning Department.  I have photos and video, included in my wife's declaration and exhibits, of DAC equipment compacting the earth directly behind our property.

13.  I know DAC and, or other subcontractors used compaction equipment within a zone behind our home restricted by Marion County Planning Department.  I know DAC used fill and piled the dirt directly behind our property, compacted the dirt, and dug a drainage ditch directly behind our home within the forbidden zone set by Marion County Planning Department.  I have photos and videos, included in my wife's declaration and exhibits, of DAC equipment compacting the earth directly behind our property and of the ditch dug by DAC.

14.  I know DAC and, or other lower tier subcontractors constructed a drainage ditch, and caused the earth to be compacted within the forbidden zone as specified in Marion County Planning Department's permit to build the solar array project behind our home.  The ditch and compaction of the earth results in flooding to our property.  The compacting of the earth directly behind our property caused damaged to our home and property. These events are trespass.  I have photos and videos, include in my wife's declaration and exhibits, of DAC equipment compacting the earth directly behind our home.  I know my wife has responded to and has answered DAC interrogatories.

15.  Marion County Planning Department Conditional Use application approved the placement of the solar array on the property

directly behind our home.   The conditional use permit regulates and prohibits any construction within the prohibited zone (page3 #7 B ¶2).   I have photos and videos, included in my wife's declaration and exhibits, of DAC equipment compacting the earth directly behind our property within the forbidden zone.

16. I know that, prior Defendant Cypress Creek Renewables (CCR), being dismissed by the Court for lack of jurisdiction, they are responsible for construction of the solar array behind our property, and as such is doing business in Oregon as a foreign corporation and, seemingly, actually under the jurisdiction of this court.   DA's declaration and support of DAC's Summary Judgment Motion (page 2 #3), are included in my wife's declaration and exhibits.   In previous filings with the court, in this case, CCR denied doing any business in Oregon or having any responsibility and connection with the solar array project behind our property.   Pursuant to CCR and Cypress Creek Standard form Subcontractor Agreement by and between CCEPC and DAC, CCR, these entities controlled all construction of the solar array project behind our property.

17. I am not aware of evidence that shows Marion County Planning Department authorized any variation to allow Defendants to violate the forbidden zone in the solar array project behind our property.   Violation of the Marion County Planning Department's permit for the solar array assists in the creation of issues of trespass and nuisance.   I know that the controlling business entities for the

construction of the solar array were Cypress Creek Renewables,
CCECP, and DAC.  I am unaware of evidence that Cypress Creek
Renewables abided by Marion Planning Department's permit that
forbade any construction activity in the forbidden zone per
Marion County Planning Department's permit.

18. I know DAC signed a construction contract with CCECP dated August
25, 2017 effective as of July 28, 2017.  Subject contract shows
no signatures by corporate officers of Cypress Creek Renewables
or Silverton Solar, LLC, and the effective date has been changed
to 8/24/17.  DAC's contract with Cypress Creek Renewables and
CCECP has an effective date that has been changed without any
signature of any corporate officers of CCECP, which should void
the contract.  The dates appear to be inconsistent with a
legitimate contract and work on the solar array preceded and
succeeded the contract.

19. I know that D. Anderson's declaration states that solar array
construction started on July 31, 2017 and all construction
equipment, all construction debris, and all leftover construction
material was all removed by October 5, 2017 (page 3 #5),
included in my wife's declaration and exhibits.  I know
that construction on the solar array project behind our home
began much earlier that July 31, 2017 and materials left much
longer that October 5, 2017.

20.  I know D. Anderson's declaration suggests DAC reported its work on the solar array project behind our home completed on November 7, 2017.  DAC's notice of completion was accepted and signed by CCEPC, and by association by Cypress Creek Renewables, on November 11, 2017 (page 3 #6), included in my wife's declaration and exhibits.  DAC was responsible for all additional subcontractors and second tier subcontractors work per their contract with Cypress Creek Renewables and CCEPC. Additional subcontractors and second tier subcontractors work was not completed by the date specified by DAC's notice of completion.  I know that DAC, subcontractor(s), and second tier subcontractor(s) left much debris and construction materials for much longer periods, included in my wife's declaration and exhibits.

21.  I know Page 3, #7, of D. Anderson's Declaration states, "other subcontractors to Cypress Creek Renewables were not finished" constructing the Solar Array behind Plaintiff's property.  I know that Cypress Creek Renewables' contract with CCEPC, and DAC, establishes that DAC is the lead subcontractor for construction of the Solar Array behind our home and that DAC is responsible for all other subcontractors and 2nd tier subcontractors, included in my wife's declaration and exhibits.

22.  I know Page 4, #8, of D. Anderson's Declaration states, "portable toilets and/or portable office… were not put behind our property by DAC."  I know that Cypress Creek Renewables, CCECP, DAC, their subcontractors, or 2nd tier subcontractors placed portable toilets behind our property, included in my wife's declaration and exhibits.

23.  I know Page 4, #9, of D. Anderson's Declaration states, "there were days in which limited construction debris was left on the property" by DAC.  I know that Cypress Creek Renewables, CCECP, DAC, their subcontractors, and/or 2nd tier subcontractors left Solar Array construction materials, debris, and equipment behind our property for months.  Plans submitted to Marion County Planning Department detailed an area in the southeast corner of

the proposed Solar Array construction, behind our property, for storage of all construction materials, which would be outside our view.  See my wife's declaration and exhibits.

24.  I know Page 4, #10, of D. Anderson's Declaration states, "DAC utilized a vibrating compact roller for a total of 7 days", behind our property, "the equipment was used throughout 9.7 acre parcel of land on which the solar array was installed", "was utilized within 100 yards of Plaintiff's property", and DAC's work-days began at 7a.m. and ended at 5:00p.m."  I know that DAC utilized a compaction equipment, within the forbidden zone specified by Marion County Planning Department, used the compacting equipment over the 23+ acres parcel behind our property, and worked prior to 7a.m. and after 5:00p.m.  Please see my wife's declaration and exhibits.

25. I know Page 4, B, of Defendant's Motion for Summary Judgment, states that… "drainage ditch within 10 feet +/- from her land…" I know that Cypress Creek Renewables, CCECP, DAC, or their subcontractors, or second tier subcontractors, placed a drainage ditch AND compacted the earth with compaction equipment well within the 20 feet of our land as defined by Blue Oak and AVOCA Engineers plans.  I know submitted plans by both Blue Oak and AVOCA ignored the forbidden zone parameters designated by Marion County Planning Department's issued permit for the construction of the Solar Array behind our property.  I know the drainage ditch and compaction of the earth causes excess water to flow and pool onto rur property.  I know the compacted earth, well within the prohibited zone, does not allow water to percolate into the ground as when the soil was regularly tilled for planting crops.  I know the drainage ditch, well with the prohibited zone, allows water to pool directly behind our property and overflow onto our property.  My wife has submitted many videos, many photographs, and answers to interrogatories to Defendant's counsel substantiating my Trespass, Nuisance, Diminished Value, and Negligence claims.  I am submitting my affidavit, that will, I believe, be admissible evidence to substantiate my wife's claims.

My wife has answered Defendant's first set of interrogatories and has delivered them to Defendant's counsel. I substantiate my wife's Trespass claim with my affidavit to her genuine issue of material facts and submissions.

26. I know on page 4 & 5, III, of Defendant's Summary Judgment Standard, Defendant DAC states that my wife has not offered "sufficient evidence… for a jury to return a verdict for that party." I know that my wife has responded to Defendant's requests for sufficient admissible evidence by supplying testimony, many videos, many photographs, affidavits, declarations, and answers to interrogatories on which a jury could reasonably find for her in this matter.

27. I know on pages 5 & 6, of Defendant's Summary Judgment Applicable Law, a. Nuisance, Defendant, DAC, suggests my wife has no evidence of the claimed nuisance, the character of the neighborhood, the nature of the thing complained of, the frequency of the intrusion and, the effect upon the life, health, and property. DAC, states that; a. my wife cannot prove the equipment DAC used was placed in direct line of sight of her back yard belonged to or was placed there by DAC; b. that DAC drove trucks and used a steam roller (compaction equipment) that violated my home is legally insufficient to constitute a nuisance. I know DAC suggests they used compaction equipment for only 5 hours behind our property, caused no damage to our property, worked only 4 weeks behind our property, DAC activities had only minor noise or vibrations that affected our property and, that the Solar Array was lawfully constructed and approved. I know my wife possesses evidence that will prove her claimed nuisance, the character of the neighborhood, the nature of the thing complained of, the frequency of the intrusion and, the effect upon the life, health, and property. Our property and the Solar Array property are zoned EFU (Exclusive Farm Use). I know, and have evidence that, DAC's, subcontractor's, and, or 2nd Tier subcontractor's equipment, trash, portable toilets, travel trailers, portable office buildings, and building materials, were placed in direct line of

sight of our property.  My wife provided evidence to Defendant's
counsel that demonstrates the damage to our property due to the
serious vibrations caused by DAC's use of vibrating compaction
equipment behind our property.  The heavy vibrations were felt
continuously for the entire time DAC used the compaction
equipment behind our property.  The entire Solar Array
construction continues to be a nuisance to our health, life, and
property.  There has been no evaluation by the EPA, Marion County
Planning Department, Cypress Creek Renewables, or DAC, of the
danger inherent for the tremendous health risks and long-term
effects of the dangerous Ozone emissions of the Solar Array
constructed behind our property.  Our lives, our family's lives,
the lives of our livestock, are in danger due to the Ozone
emissions of the Solar Array.  The effects of having lost a
cleaner, healthier, Exclusive Farm Use environment, due to
the construction of the Solar Array behind our property, are
apparent.  The effects of constructing a Solar Array "industrial
complex", behind our home, by Cypress Creek Renewables, CCECP,
DAC, subcontractors, and 2nd Tier Subcontractors are, a reduction
of the value of our real property, loss of a clear, quiet, and
pleasant view of quietly growing crops, loss of viewing wildlife
on the Solar Array property, and loss of a weed free environment.
The underlying County Law allowing the Solar Array to be built
behind our property was rescinded at a public meeting of the
Marion County Board of Commissioners.

28. I know Defendant, DAC, suggests that may wife has no evidence of
claimed trespass.  I know the evidence and testimony proves my
wife's claimed trespass.  One look at the Solar Array, constructed
behind our property, is to view the intrusion of the acres of
metal and plastic erected on the Exclusive Farm Use land and the
abundance of noxious uncontrolled weeds that are encroaching our
property.  I can easily view, just across the north fence of our
property, the compacted earth and drainage ditch caused to be
constructed by Cypress Creek Renewables, CCEPC, DAC,
subcontractors, and second tier subcontractors, although the

unattended heavy weed growth is obscuring and seems to be clogging the drainage ditch.  During rain, I can view the rainwater pooling and moving toward our property from the southern portion of the Solar Array property.  The narrow drainage ditch, very close to our north property line, overflows and the water moves to our property and causes flooding during rainfall.  I know the ongoing trespass is caused by the intentional and, or unintentional result of defendants, and their unintentional activity.

29. I know the activities occurring, resulting from the construction of the Solar Array behind our property, have caused a continuing nuisance and trespass to me, my family, and our property.  I know my wife's causes of action and claims are valid, applicable law supports them, and she would appreciate the opportunity of a trial.  I know the activities resulting from the construction of the Solar Array, behind our property, are not likely to be, nor not in the realm of normal farming practices.  I know Cypress Creek Renewables, CCEPD, DAC, subcontractors, and second tier subcontractors violated the forbidden zone, deviated from the issued Marion County Planning Department's permit for construction of the Solar Array behind our property.  I know Cypress Creek Renewables, CCEPD, DAC, subcontractors, and second tier subcontractors, also deviated from the plans submitted to Marion County Planning Department for the permit to construct the Solar Array behind our property.  I know Marion County Board of Commissioners repealed the law, ordinance, statute that allowed the construction of the Solar Array behind our property.

30. There are many issues of contested material facts.  On behalf of my wife, if permitted, I respectfully request that Defendant DAC's summary judgment be dismissed.

I declare under penalty of perjury that the foregoing is true and correct.



Bob Mahler

SUBSCRIBED AND SWORN to before me this ___7___ day of February, 2018.

NOTARY PUBLIC FOR OREGON

My Commission Expires: *September 24, 2022*

OFFICIAL STAMP
MARIA DE LOURDES NUNEZ MANZO
NOTARY PUBLIC-OREGON
COMMISSION NO. 978511
MY COMMISSION EXPIRES SEPTEMBER 24, 2022