IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

KRISTINE YATES,

    Plaintiff,

vs.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; et al.,

    Defendants.

Case No. 6:17-cv-01819-AA
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Kristine Yates alleges defendants have violated her rights by constructing a solar energy array on the property parcel adjacent to her property. Plaintiff proceeds on her claims pro se and *in forma pauperis* ("IFP"). Defendant Marion County Planning Department ("Marion County")[1] filed a Motion for Summary Judgment on all plaintiff's claims against it. For the reasons set forth below, defendant's summary judgment motion is GRANTED.

---

[1] Marion County Planning Department is not a separate legal entity from Marion County. Although this defendant refers to itself as Marion County Planning Department throughout its briefing, this opinion will refer to defendant as "Marion County."

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff lives in Silverton, Oregon, on Exclusive Farm Use zoned ("EFU") land. Defendant Silverton Solar, LLC ("Silverton Solar") applied for a Conditional Use Permit to install a 12-acre solar array on a property ("the subject property") adjacent to and just north of plaintiff's property. The subject property is also zoned EFU. At the time, the Marion County Code ("MCC") allowed this type of solar array as a conditional use in the EFU zone. *See* Mot. Summ. J. (doc. 148) Ex. 101 at 8.[2] On January 19, 2016, Marion County's Planning Director granted the application in a "Notice of Decision." *Id.* at 6-10.

In the summer of 2017, the solar array was built on the subject property. Plaintiff alleges that she did not receive notice of the plan to construct the solar array. Additionally, plaintiff alleges that the construction interfered with her use and enjoyment of her property and that the construction caused flooding on her property.

Plaintiff first filed a complaint in November 2017, alleging damages incurred from the construction of the solar array. The Court has previously dismissed other defendants for lack of jurisdiction, failure to state a claim, and granted the remaining defendants summary judgment on the trespass and nuisance claims asserted against them. Additionally, the Court has dismissed plaintiff's claims for Equal Protection

---

[2] The County's Notice of Decision regarding Silverton Solar's application observed that "Chapter 17.136.050 (F)(3) of the Marion County Code (MCC) permits a photovoltaic solar power generating facility in an EFU zone as a conditional use, subject to MCC 17.120.110." Mot. Summ. J. (doc. 148) Ex. 101 at 8. The Notice also stated that "MCC 17.120.110(2) states that, for high-value farmland soils described at ORS 195.300(10), . . . [a] photovoltaic solar power generation facility shall not preclude more than 12 acres from use as a commercial agricultural enterprise." *Id.* (emphasis normalized). MCC 17.120.110 has since been repealed, but that fact has no bearing the issues presented here, which concern whether Marion County complied with federal, state, and local law in effect at the time of its decision and the solar array's construction.

Page 2 – OPINION AND ORDER

Clause violations, fraud, and civil conspiracy. Marion County is the only remaining defendants, and plaintiff's claims against it include negligence per se, procedural due process, nuisance and trespass.

## STANDARD OF REVIEW

When considering a motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A motion for summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Celotex*, 477 U.S. at 324. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

# DISCUSSION

Marion County moves for summary judgment on all claims asserted against it. Plaintiff's negligence per se and procedural due process are factually and legally related, as are her trespass and nuisance claims. The Court will, therefore, address those pairs of claims in turn.

I. *Negligence Per Se and Procedural Due Process*

Plaintiff asserts that Marion County committed negligence per se and violated her due process rights by failing to notify her of the plan to construct a solar array on the subject property.

Marion County acknowledges that it approved the permit application for the solar array without first providing notice and a hearing. But Marion County asserts that state law and county code allow land use permitting decisions to issue without a hearing so long as any person statutorily entitled to notice is provided notice of the decision and an opportunity to appeal it. According to Marion County, it sent plaintiff the January 19, 2016 Notice of Decision concerning the solar array, which informed plaintiff of her right to appeal the decision, but plaintiff failed to exercise her appeal rights.

In support of its summary judgment motion, Marion County offers evidence that, on January 19, 2016, it mailed the Notice of Decision to plaintiff at her PO Box address. *See* Mot. Summ. J. (doc. 148) Ex. 101 at 2-3 (declaration of Tami Amala); *id.* at 4-5 (certificate of mailing, including list of recipients and mailing addresses); *id.* at 6-10 (Notice of Decision sent with mailing); Mot. Summ. J. (doc. 148) Ex. 104 at 9

(excerpt from deposition of Kristine Yates, where plaintiff acknowledges that the address listed next to her name on the mailing list is plaintiff's mailing address).

Plaintiff does not challenge Marion County's evidence that it *mailed* the Notice of Decision to her. Instead, she responds that she did not have an opportunity to appeal the decision because she did not *receive* the Notice of Decision. Plaintiff offers her own declaration and declarations from three neighbors, who were also included on the mailing list, which aver that they never received the Notice of Decision by mail. Yates Decl. (doc. 160) June 12, 2019; *id.* Exs. 1a, 1b, 1c.

Accordingly, the Court must determine whether an Oregon statute[3] or due process required Marion County to ensure that plaintiff received the mailed Notice of Decision.

A. *Negligence Per Se*

Plaintiff's fourth claim, negligence per se, alleges that Marion County had a duty to notify plaintiff "regarding the intent . . . to construct a solar array on the [property] adjoining Plaintiff's . . . property" and failed to do so. Am. Compl. ¶ 84.[4]

To prevail on a claim for negligence per se, plaintiff must demonstrate that (1) "defendants violated a statute"; (2) "that plaintiff was injured as a result of that violation"; (3) "that plaintiff was a member of the class of persons meant to be

---

[3] As explained below, to be liable for negligence per se under Oregon law, a defendant must have violated a statute.

[4] Plaintiff also alleges that Marion County was negligent in failing to "properly evaluate soil compaction plans, and water migration" and "prevent the construction" of a ditch within ten feet of plaintiff's property. Am. Compl. ¶ 87, 90. Although Marion County's motion addresses those allegations, the Court need not consider them. The Court previously dismissed all plaintiff's theories of negligence per se except for lack of notice in its April 30, 2018 Order & Opinion. *Yates v. U.S. Envt'l Prot. Agency,* 2018 WL 2033290, at *2-*3 (D. Or. 2018).

Page 5 – OPINION AND ORDER

protected by the statute"; and (4) "that the injury plaintiff suffered is of a type that the statute was enacted to prevent." *McAlpine v. Multnomah Cty.*, 131 Or. App. 136, 144 (1994).

Plaintiff does not allege that Marion County violated a statute or otherwise specify the source of Marion County's alleged duty to notify her. However, Marion County acknowledges that state law, and particularly ORS 215.416(11), allows it to make permitting decisions without a hearing, so long as certain impacted parties are provided notice of the decision and an opportunity to appeal.

ORS 215.416(11) provides that a county's governing body or its designee "may approve or deny an application for a permit without a hearing if" the county "gives notice of the decision and provides an opportunity for any person who is [impacted] or who is entitled to notice under paragraph (c) of this subjection, to file an appeal." ORS 215.416(11)(a)(A). The statute also provides that "[w]ritten notice of the decision shall be mailed to those persons described in paragraph (c) of this subsection." ORS 215.416(11)(a)(B). Paragraph (c) provides that "[n]otice of a decision . . . shall be provided to the . . . owners of record of property . . . located within 750 feet of the property that is the subject of the notice when the subject property is within" and EFU zone. ORS 215.416(11)(c)(A).

Because plaintiff owned property adjacent to the EFU-zoned subject property, she was entitled to notice of Marion County's decision. ORS 215.416(11) required Marion County to mail her notice of the decision, and Marion County's evidence that it mailed the Notice of Decision to plaintiff is undisputed.

The statute does not include an actual notice requirement, but it did require Marion County "to provide[] an opportunity for" plaintiff "to file an appeal." ORS 215.416(11)(a). Plaintiff contends that she did not have an opportunity to file an appeal because she did not receive the Notice of Decision that was mailed to her. However the context of the requirement in ORS 215.416(11)(a) that land use decisionmakers "provide[] an opportunity . . . to file an appeal" demonstrates that the provision requires the decisionmaker to make an appeals process available to affected parties like plaintiff by creating a process, informing affected parties of the process and the actions they must take to engage in it, and holding a hearing pursuant to the process if an appeal is properly filed. Subparagraph (C) of ORS 215.416(11)(a) provides that a Notice of Decision must, among other things "state that [impacted persons and those entitled to notice] may appeal a decision by filing a written appeal in the manner and within the time period provided in the county's land use regulations" and that "the decision will not become final until the period for filing a local appeal has expired." Subparagraph (C) also provides that a county "may not establish an appeal period that is less than 12 days from the date the written notice of decision . . . was mailed." ORS 215.416(a)(11)(C).

Marion County's evidence demonstrates that it complied with ORS 215.416(a)(11)(C) and, thus, provided plaintiff with an opportunity to file an appeal. The Notice of Decision mailed to plaintiff explained that "[a]ny one who disagrees with the . . . decision may request" an appeal hearing, explained how to request a hearing, stated that all appeal requests must be received by Marion County Planning

Division by "5:00p.m. on February 3, 2016[,]" and that the decision would be "effective February 4, 2016, unless further consideration is requested." Mot. Summ. J. (doc. 148) Ex. 101 at 7. Finally, Marion County adopted an appeals process that allowed a 15-day appeal period. *See id.* Ex. 104 at 16 (excerpt from MCC 17.119.140); MCC 17.119.140 (providing a 15-day appeal period from a decision on a Conditional Use Permit application); MCC 17.119.150 (providing a public hearing and decision on appeals); MCC Ch. 17.111 (establishing a public hearing process).

In sum, plaintiff has failed to demonstrate a genuine dispute of material fact regarding whether Marion County violated ORS 215.416(11). Marion County is, therefore, entitled to summary judgment on plaintiff's negligence per se claim.

B. *Procedural Due Process*

Plaintiff's second claim alleges a violation of her right to procedural due process under the Fifth and Fourteenth Amendments. Procedural due process "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment[s]." *Mathews v. Eldridge*, 424 U.S. 319, 322 (1972). Procedural due process requires that "[1] a person deprived of property [2] be given an opportunity to be heard [3] at a meaningful time and in a meaningful manner." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). Whether an individual has a property interest entitled to constitutional protection is a question of state law. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

In prior opinions, the Court explained that plaintiff's statutory right to notice under ORS 215.416 may amount to a constitutionally protected property interest, but that Oregon law was unsettled on that point. Now, Marion County moves for summary judgment, arguing that it does not because the statute's notice requirements do not operate as a "significant substantive restriction" on Marion County's actions. Reply (doc. 162) at 4 (quoting *Parks v. Watson*, 716 F.2d 646, 657 (9th Cir. 1983)).

The Court need not determine whether the notice requirement in ORS 215.415(11) amounts to a property interest protected by due process because, as explained in Section A above, Marion County's evidence demonstrates that complied with the notice provisions of ORS 215.415(11) by mailing plaintiff the Notice of Decision, and plaintiff failed to demonstrate a genuine dispute of fact on that issue. Therefore, even assuming plaintiff had a protected property interest in notice under ORS 215.416, plaintiff cannot demonstrate that Marion County's actions deprived her of that property interest. Accordingly, plaintiff's due process claim fails as a matter of law on the first requirement enumerated in *Yagman*, and Marion County is entitled to summary judgment.

## II. *Trespass and Nuisance*

Plaintiff's sixth and seventh claims allege that all defendants are liable for trespasses and nuisances caused by construction of the solar array. Trespass and private nuisance are separate fields of tort liability relating to actionable interference with the possession of land. They may be distinguished by comparing the interest

invaded; an actionable invasion of a possessor's interest in the exclusive possession of land is a trespass; an actionable invasion of a possessor's interest in the use and enjoyment of his land is a nuisance. *Martin v. Reynolds Metals Co.*, 221 Or. 86 (1959).

Marion County argues that it is entitled to summary judgment on both claims because there is no evidence that Marion County took any action that caused a trespass or nuisance. Marion County also argues that it is not responsible for any allegedly tortious conduct by those involved in the construction process.

Plaintiff does not allege or provide evidence that Marion County took an action that directly caused either the alleged trespass or nuisance. Instead, she argues that, by issuing the Conditional Use Permit for the solar array, Marion County "assumed inspection responsibility" for the construction process, Resp. (doc. 159) at 8, and "allowed construction of a drainage ditch and earth compaction directly behind [her] property, and well within . . . [the] 55 feet [*sic*] setback area and 20 feet [*sic*] setback area in the . . . site plans" for the solar array, *id.*

Generally, nuisance and trespass require an action by the defendant, or at least actions by a party that defendant is responsible for. *See Martin v. Union Pac. R. Co.*, 256 Or. 563, 565 (1970) (explaining that a trespass requires an intrusion caused by a defendant's "intentional, negligent, reckless or ultrahazardous conduct"); *Mark v. State (Mark II)*, 191 Or. App. 563, 573 (2004) (explaining that a private nuisance is a defendant's "unreasonable non-trespassory interference with another's private use and enjoyment of land"); *Restatement (Second), Torts* §§ 834-840A (1965) (describing persons liable for nuisance).

Plaintiff has not provided evidence to show that Marion County was responsible for the actions of construction workers on the property. The Conditional Use Permit did not give Marion County control over the actions of the construction workers. Nor did the permit indicate that Marion County was responsible for intermittent inspections or monitoring of the construction site during construction. Mot. Summ. J. (doc. 148) Ex. 101, at 6-10. Instead the permit required Marion County to perform a final building inspection. *Id.*

Marion County performed the final inspection, and the subject property passed. *Id.* Ex. 103 at 9. As part of that inspection, the County concluded that the applicant had complied with the applicable setback of 20 feet. *Id.* at 2-3. Plaintiff contends that there is a genuine dispute regarding whether the construction did, in fact, comply with the setbacks because she observed the construction of a drainage ditch and soil compaction within 20 feet of her property. Plaintiff asserts that those activities caused a trespass by causing flooding on her property. She further asserts that vibrations from soil compaction equipment so close to her property shook her home, constituting a nuisance.

But, as Marion County points out, the 20-foot setback was an area where structures could not be erected. MCC 17.136.100(B); Mot. Summ. J. (148) Ex. 102 at 2-3 (Declaration of Glen Fennimore). Marion County Code defines "structure" as "that which is built or constructed, an edifice or building of any kind, or any piece of work artificially built up or composed of parts joined together in some definite manner[.]" MCC 17.110.555. Neither soil compaction nor a drainage ditch meet that

definition. And, even assuming that the ditch was a structure, both parties note that plaintiff's property is downhill from the subject property and that water naturally flows southwest from the subject property onto plaintiff's property. As this Court has already concluded, that undisputed evidence demonstrates that any runoff or flooding allegedly caused by the ditch did not constitute a water trespass. *Yates v. United States Envt'l Prot. Agency*, No. 6:17-cv-1819-AA, 2019 WL 4580042, at *15 (D. Or. Sept. 20, 2019).

Plaintiff also asserts that the construction violated a requirement that "the developed portion of the site will be at least 55 feet from farmed properties." Resp. at 12 (quoting Doc. 148 Ex. 102 at 8). The site improvement plan map on which plaintiff relies designates a 55-foot "shade buffer," distinct from the 20-foot setback. Mot. Summ. J. (doc. 148) Ex. 102 at 7. That shade buffer was not required by code, and Marion County had no ability to require or enforce it. Therefore, Marion County was not responsible for any failure to comply with the proposed, voluntary shade buffer.[5]

Therefore, plaintiff has not shown that a genuine dispute of material fact exists regarding whether Marion County was responsible for any conduct that constituted a trespass or nuisance, Marion County is entitled to summary judgment on both claims.

---

[5] The Court will not address plaintiff's assertion that Marion County failed to ensure that the permit holders complied with other conditions in the Notice of Decision, like weed management, because that conduct was not alleged in the Amended Complaint.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (doc. 148) is GRANTED.

IT IS SO ORDERED.

Dated this 14th day of April 2020

Ann Aiken
U.S. District Judge