IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KRISTINE K. YATES, | Case No. 6:17-cv-01819-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al., | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff Kristine Yates seeks reconsideration of this Court's November 9, 2018 Opinion and Order (doc. 110), which dismissed her trespass and nuisance claims against defendants Gordon Moe and Judy Dunn ("Moe and Dunn") and defendants Cypress Creek Renewables, LLC; Cypress Creek Renewables Development, LLC; and Cypress Creek Holdings, LLC; which plaintiff collectively refers to as the "Cypress Creek Trio." For the reasons stated below, the Motion for Reconsideration (doc. 164) is GRANTED with respect to Moe and Dunn. However, upon reconsideration, the

Page 1 – OPINION AND ORDER

Court concludes that the claims against Moe and Dunn should be dismissed. Plaintiff's motion for reconsideration of dismissal of her claims against the Cypress Creek Trio is DENIED.

## DISCUSSION

### I.  *Reconsideration of Interlocutory Orders*

"'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)); Fed. R. Civ. P. 54(b).

Generally, a court should reconsider its earlier decision only if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).[1] A motion for reconsideration "may *not* be used to raise arguments or present evidence

---

[1] Courts have applied these standards to motions for reconsideration under Rules 54(b), 59(e), and 60(b) of the Federal Rules of Civil Procedure. *See Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (so stating and collecting cases applying the standards).

Page 2 – OPINION AND ORDER

for the first time when they could reasonably have been raised earlier in the litigation." *Id*. (emphasis in original).

"A motion for reconsideration should accomplish two goals: (1) it should demonstrate reasons why the court should reconsider its prior decision and (2) set forth law or facts of a strongly convincing nature to induce the court to reverse its prior decision." *Romtec, et al. v. Oldcastle Precast, Inc.* No. 08-06297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011), *citing Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

## II.  *Moe and Dunn's Motion to Dismiss*

In the earlier Opinion on Moe and Dunn's Motion to Dismiss (doc. 81), the Court concluded that it lacked personal jurisdiction over these defendants and five other individual defendants. The Court's conclusion was based on the Court's erroneous finding that Moe and Dunn, like the other individual defendants, had out-of-state domiciles. A review of the record, however, shows that plaintiff alleged that Moe and Dunn were Oregon residents and that Moe and Dunn did not seek dismissal based on lack of personal jurisdiction. Instead, they sought dismissal for plaintiff's failure to state a claim for trespass or nuisance against them. Therefore, the Court finds sufficient cause to reconsider its decision to grant of Moe and Dunn's motion.

Nevertheless, upon reconsideration, the Court concludes that the Amended Complaint (doc. 25) fails to state a claim for trespass or nuisance against Moe and Dunn. Under Oregon law, trespass and nuisance claims provide two distinct avenues of liability arising from interference with the possession of another's land. *Martin v.*

*Reynolds Metal Co.*, 221 Or. 86, 90 (1959). "They may be distinguished by comparing the interest invaded; an actionable invasion of a possessor's interest in the exclusive possession of land is a trespass; an actionable invasion of a possessor's interest in the use and enjoyment of his land is a nuisance." *Williams v. Invenergy, LLC*, No. 3:13-cv-01391-AC, 2014 WL 7186854, at *18 (D. Or. Dec, 16, 2014) (citing *Martin*, 221 Or. at 90).

As the Court observed in the earlier Opinion, the Amended Complaint does not allege that Moe and Dunn directly caused a trespass on plaintiff's land or a nuisance. Instead, the Amended Complaint alleges that Moe and Dunn own the property at issue and that Moe fraudulently applied for a permit to construct a solar array on that property.

Although a landowner can, under certain circumstances, be liable for the acts of third parties that create a nuisance on their land, *see Mark v. Dep't of Fish & Wildlife*, 158 Or. App. 355, 362-63 (1999), Moe and Dunn did not own the land at the time of the alleged trespass or nuisance. The Amended Complaint alleges that the torts occurred during construction of the solar array, which began in July 2017. Moe and Dunn sold the property to Silverton Solar in March 2017. Doc. 81 Exs. A–C.[2] Moe and Dunn's prior ownership of the property does not make them responsible for actions that took place on the property after they sold it. Similarly, that Moe's

---

[2] The court takes judicial notice of these exhibits, which are matters of public record. *See United States. v. 14.02 Acres of Land More or Less in Fresno Cty*, 547 F.3d 943, 955 (9th Cir. 2008) (noting that a district court "may take judicial notice of matters of public record and consider them without converting a Rule 12 motion into one for summary judgment") (internal quotations marks omitted).

application for the permit that ultimately allowed construction to happen on the property does not show that he had any control over or responsibility for the construction workers' actions. Accordingly, on reconsideration, Moe and Dunn's Motion to Dismiss (doc. 81) is GRANTED and the claims against them are dismissed.

Plaintiff also seeks leave to amend her trespass and nuisance claims against Moe and Dunn. The Court has reviewed plaintiff's proposed amendments still fail to state claims against these defendants. Two of the grounds that plaintiff seeks to assert—Moe and Dunn's ownership of the property and Moe's role in permitting the solar array construction—were alleged in the Amended Complaint and, for the reasons above, cannot support claims against these defendants. Plaintiff also seeks to allege that Moe and Dunn own the solar array. That allegation also fails to show that they had any control over or responsibility for the construction workers' actions. Because the proposed amendments would not correct the deficiencies in the Amended Complaint, plaintiff's request for leave to amend is denied as futile. *See Fulton v. Advantage Sales & Mktg., LLC*, No. 3:11-cv-01050-MO, 2012 WL 5182805, at *2–3 (D. Or. Oct. 18, 2012) ("A proposed amended complaint is futile if it would be immediately subject to dismissal.") (quoting *Nordyke v. Kino*, 644 F.3d 776, 778 n. 12 (9th Cir. 2011), *aff'd on reh'g en banc on other grounds*, 681 F.3d 1041 (9th Cir. 2012) (internal quotation marks omitted)); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend.").

### III.  *Cypress Creek Trio's Motion to Dismiss*

In the earlier Opinion, the Court dismissed plaintiff's claims against Cypress Creek Renewables Development and Cypress Creek Holdings for lack of personal jurisdiction and the claims against Cypress Creek Renewables for failure to state a claim for trespass or nuisance.  Plaintiff asserts that newly discovered evidence warrants reconsideration.  When a party moves for reconsideration based on new evidence, "the movant must show the evidence (1) existed at the time of the [original decision], (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990).

Plaintiff offers a printout of the website for Cypress Creek Renewables, which states that Cypress Creek Renewables has a Field Office in Bend, Oregon.  Doc. 164 Ex. C.  Plaintiff's motion fails to show why the existence of Cypress Creek Renewable's website could not have been discovered through due diligence, when it appears to be something that could have been found by conducting a simple web search for the company.  Moreover, this evidence, and factual allegations based on it, would not have changed the Court's analysis of the Cypress Creek Trio's Motion to Dismiss (doc. 77). The Court dismissed the claims against Cypress Creek Renewables because it concluded that the Amended Complaint failed to state a claim for trespass or nuisance. The locations of Cypress Creek Renewables' offices played no role in that determination.  And Cypress Creek Renewables' relationship to Oregon played no role in the Court's determination that plaintiff failed to allege facts to support this

Court's exercise of personal jurisdiction over Cypress Creek Renewables Development and Cypress Creek Renewables Holding.

Plaintiff also offers the cover page of a "Subcontractor Agreement" between DA Construction and Cypress Creek EPC, LLC, which she obtained from defendant Dick Anderson Construction, Inc., ("DA Construction") during discovery. Doc. 164 Ex. B. Cypress Creek EPC is not a party to this litigation, but evidence that DA Construction offered in summary judgment indicated that Cypress Creek EPC was the general contractor for the solar array construction. Plaintiff makes no effort to explain why she could not have discovered Cypress Creek EPC's role in the construction through due diligence. Moreover, plaintiff's exhibit does not provide evidence about Cypress Creek EPC's relationship to any of the Cypress Creek Trio entities, let alone the kind of relationship that would expose them to liability for another entity's actions.

"A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Dole Food Co. v. Patrickson,* 538 U.S. 468, 474 (2003). As a general principle, corporate separateness insulates a parent corporation from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary. *See United States v. Bestfoods,* 524 U.S. 51, 61 (1998).

The Court dismissed the claims against Cypress Creek Renewables Development and Cypress Creek Holdings for lack of personal jurisdiction, in part, because the Court concluded that the Amended Complaint failed to allege facts sufficient to support a finding that either was an "alter ego" of Cypress Creek Renewables, which would have extended the Court's personal jurisdiction over

Page 7 – OPINION AND ORDER

Cypress Creek Renewables to the other two entities. Here, the mere existence of fourth "Cypress Creek" entity with involvement in the solar array would not have been likely to alter the Court's analysis as it provides little, if any, information about the relationship between Cypress Creek Renewables and the other two Cypress Creek defendants.

The Court dismissed the trespass and nuisance claims against Cypress Creek Renewables because the Amended Complaint failed to allege facts connecting Cypress Creek Renewables to the construction of the solar array. First, plaintiff's evidence does not demonstrate Cypress Creek Renewables' direct involvement in the construction. Second, Plaintiff asserts that the evidence "clearly demonstrates that the main contractor for the construction of the solar array . . . was orchestrated by Cypress Creek Renewables." Mot. Recon. (doc 110) at 3. But the similarities of the entities' names or even an ownership-subsidiary relationship[3] would not be sufficient to expose Cypress Creek Renewables to any of Cypress Creek EPC's liability.

In sum, because plaintiff fails to show that the evidence could not have been discovered through reasonable diligence or that it would have been likely to change the outcome of the Cypress Creek Trio's Motion to Dismiss (doc. 77), her motion to reconsider the Court's decision to grant that motion is denied.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Reconsideration (doc. 164) is GRANTED with respect to defendants Gordon Moe and Judy Dunn and DENIED

---

[3] Plaintiff's exhibit does not contain evidence to support this kind of relationship between Cypress Creek EPC and Cypress Creek Renewables.

with respect to defendants Cypress Creek Renewables, LLC; Cypress Creek Renewables Development, LLC; and Cypress Creek Holdings, LLC. On reconsideration, Moe and Dunn's Motion to Dismiss (doc. 81) is GRANTED as modified in this Opinion and the claims against them are DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated this 8th day of May 2020.

/s/Ann Aiken

Ann Aiken
United States District Judge